OPINION OF THE COURT
 

 Per Curiam.
 

 Petitioner, a Justice of the Esopus Town Court, Ulster County, seeks review of a determination of the State Commission on Judicial Conduct sustaining one charge of misconduct and imposing the sanction of admonition
 
 (see
 
 NY Const, art VI, § 22; Judiciary Law § 44). The charge contains two separate allegations, both involving petitioner’s campaign activity while running for her present position. The first asserts that petitioner circulated campaign literature stating she was a “graduate” of “Judicial Law Course [s]” at Albany Law School, St. Lawrence University and Columbia/Greene Community College. In actuality, petitioner has a high school diploma. The courses referenced in her campaign literature related to the Court Clerks’ Continuing Education Program sponsored by the Office of Court Administration. She had taken the courses at the college campuses in conjunction with her job as a court clerk.
 

 The second allegation charges her with using campaign literature in which she identified herself as a “Law and order Candidate.” In the Commission’s view, that phrase committed, or appeared to commit, petitioner to a pro-prosecution bias in criminal cases.
 

 
 *312
 
 The Referee who heard the complaint determined that petitioner misled voters by misrepresenting herself as a “graduate” of judicial law courses at Albany Law School, St. Lawrence University and Columbia/Greene Community College. The Referee determined, however, that the allegation as to her “law and order” campaign literature could not form the basis for any disciplinary action. In the Referee’s opinion, the phrase “law and order candidate” is “subject to several interpretations,” and as such did not constitute an improper pledge or promise.
 

 The Commission affirmed, and petitioner does not challenge, the Referee’s findings as to petitioner’s misrepresentation of her academic credentials. The Commission, however, rejected the Referee’s finding on the “law and order” charge. In the Commission’s view, the phrase created the appearance that petitioner would favor the prosecution, and amounted to an impermissible pledge as to how she would decide cases. The Commission contends that petitioner’s campaign posture was inconsistent with the neutral administration of justice and is prohibited by the impartiality requirements of the Rules Governing Judicial Conduct
 
 (see
 
 22 NYCRR 100.5 [A] [4] [d] [i], [ii]). We disagree, and conclude that simply using the phrase “law and order” in judicial campaign literature does not amount to misconduct.
 

 In pertinent part, the Rules Governing Judicial Conduct require that candidates
 
 *
 
 for elective judicial office shall not
 

 “(i) make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office;
 

 “(ii) make statements that commit or appear to commit the candidate with respect to cases, controversies or issues that are likely to come before the court; or
 

 “(in) knowingly make any false statement or misrepresent the identity, qualifications, current position or other fact concerning the candidate or an opponent” (22 NYCRR 100.5 [A] [4] [d] [i], [ii], [in]).
 

 
 *313
 
 The Commission argues that by holding herself out as a “law and order candidate,” petitioner violated subparagraphs (i) and (ii). According to the Commission, the phrase promises stern treatment of criminal defendants when interpreted in light of its “widely held perception.” In its brief the Commission cites the popular origin of the phrase in a political context, referring to President Richard Nixon’s promise that, if elected, he would appoint “law and order” judges to reverse what he and others regarded as unwarranted judicial leniency toward criminal offenders.
 

 The Commission argues that petitioner’s invocation of “law and order” was meant to, and did in fact, convey the image of petitioner as a criminal law conservative. We need not determine whether this was petitioner’s intent, or whether a reasonable person viewing the advertisements would have seen it that way. Even under its own interpretation, the Commission has not shown that the phrase carries a representation that compromises judicial impartiality. “Law and order” is a phrase widely and indiscriminately used in everyday parlance and election campaigns. We decline to treat it as a “committment]” or a “pledget] or promise! ] of conduct in office.”
 

 Petitioner has conceded that it was improper for her to refer to herself as a “graduate” of the judicial law courses that she took in her capacity as court clerk. While petitioner urges us to dismiss her public admonition, we consider her misrepresentation serious enough to justify it. Reasonable voters viewing petitioner’s advertisements would be led to believe that the courses trained enrollees in judging, and voters would not have suspected that the last formal educational institution to have graduated petitioner was her high school. The Commission’s determined sanction is appropriate in light of the unchallenged finding that petitioner misrepresented her educational background
 
 (see
 
 22 NYCRR 100.5 [A] [4] [d] [iii]).
 

 Accordingly, the determined sanction should be accepted, without costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in per curiam opinion.
 

 Determined sanction accepted, without costs.
 

 *
 

 We disagree with petitioner’s contention that the Commission lacks jurisdiction to evaluate the campaign practices of nonjudge candidates for judicial office. We have already permitted the Commission to discipline a judge for conduct occurring prior to taking office
 
 (see Matter of Nicholson v State Commn. on Jud. Conduct,
 
 50 NY2d 597, 605 [1980]).